IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| NAFIS UBAID,<br>Petitioner, | :<br>:<br>: | CIVIL ACTION |
|  | : | No. 26-cv-2681-JMY |
| v. | :<br>: |  |
| J.L. JAMISON, *et al.*,<br>Respondents. | :<br>: |  |

**MEMORANDUM**

**Younge, J.**                                                                                          **May 14, 2026**

After it was alleged that Petitioner Nafis Ubaid ("Petitioner") was no longer complying with the terms of his nonimmigrant student visa, Petitioner was detained pursuant to 8 U.S.C. § 1226(a) pending a final removal determination. Petitioner argues that this detention is unlawful since it was not preceded by an individualized custody determination. Currently before this Court is Petitioner's Petition for Writ of Habeas Corpus, ECF No. 1 ("Petition"), and the filings in support of and opposition to that Petition, ECF Nos. 4, 5, 8.[1]  Since § 1226(a) provides an administrative review process for custody determinations, the Court concludes that Petitioner must exhaust this process before seeking habeas relief. Thus, and for the reasons set forth in greater detail in this memorandum, the Petition is denied without prejudice.[2]

I.      **Factual and Procedural Background**

Petitioner is a native and citizen of Bangladesh. Pet. ¶ 18. He was admitted to the United States on a nonimmigrant student visa, known as an F Visa. *Id.* ¶ 19. His most recent admission

---

[1] When applicable, the Court adopts the pagination supplied by the CM/ECF docketing system, which does not always match the document's internal pagination.

[2] The Court finds this Motion appropriate for resolution without oral argument.  Fed. R. Civ. P. 78; L.R. 7.1(f).

was on March 5, 2024. ECF No. 4 at 3; Pet ¶ 33.  Petitioner does not appear to contest that the terms his visa required him to maintain a full course of study at the Community College of Philadelphia. *See* ECF No. 4 at 3. Petitioner also does not appear to contest that he failed to maintain a full course of study and, as a result, was terminated from the Student and Exchange Visitor Program ("SEVP") on July 23, 2025. *See id.* In October, 2025, Petitioner married a U.S. Citizen. Pet. ¶ 3.

On April 22, 2026, Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI) arrested Petitioner and placed him into removal proceedings via issuance of a Notice to Appear (NTA). ECF No. 4 at 3. The NTA charges Petitioner as removable under 8 U.S.C. §§ 1227(a)(1)(C)(i) and 1227(a)(1)(B) for allegedly violating the terms of his nonimmigrant visa. *Id.* ICE filed that NTA with the immigration court on April 22, 2026, thus commencing removal proceedings as of that date. *Id.* at 3–4. Pending a removal decision, Petitioner has remained detained under 8 U.S.C. § 1226(a), which allows Petitioner to request review by an immigration judge of ICE's custody determination. After Petitioner indicated his intent to request such review, ICE facilitated the process of requesting a bond hearing on Petitioner's behalf by filing the Form I-286 with the immigration court on April 24, 2026. *Id.* at 4. That same day, the Elizabeth Immigration Court scheduled Petitioner for a custody redetermination hearing before an immigration judge on April 29, 2026 at 1:00 p.m. *Id.*

The day after his arrest, Petitioner filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 as well as a request for a Temporary Restraining Order. The following day, on April 24, 2026, this Court granted the Temporary Restraining Order only to the extent of enjoining the government "from removing or transferring Petitioner from the Eastern District of Pennsylvania." ECF No. 3.

As of the time the matter was briefed, Petitioner remained detained in the Eastern District of Pennsylvania. According to the government, Petitioner was not able to attend his April 29, 2026 custody redetermination hearing since the Federal Detention Center in Philadelphia does not facilitate virtual hearings for ICE detainees. Rather, to attend his hearings, ICE would need to transfer Petitioner to a facility on the "detained docket" under the Executive Office for Immigration Review (EOIR).

## II.   Legal Standard

28 U.S.C. § 2241 confers federal courts with jurisdiction to review the legality of immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Under § 2241, a petitioner is entitled to relief if he or she is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The burden is on the petitioner to show that his or her confinement is unlawful. *See Goins v. Brierley*, 464 F.2d 947, 949 (3d Cir. 1972).

## III.   Discussion

Petitioner appears to make two arguments for his release under 28 U.S.C. § 2241. First, Petitioner argues that the government "acted arbitrarily" in detaining him under § 1226(a) without making an "individualized determination" that he is a "danger or flight risk." Pet. ¶ 41. Second, Petitioner argues that he should not be required to exhaust his administrative remedies before turning to this Court for relief because doing so would be futile. The government counters that this Court has been stripped of jurisdiction to hear this case by 8 U.S.C. § 1252(g). Even if the Court has jurisdiction, the government argues, Petitioner is lawfully detained under 8 U.S.C. § 1226(a), which provides for an administrative review process that should be exhausted before seeking habeas relief. The Court concludes that it has not been stripped of jurisdiction to hear this matter

3

by § 1252(g) but that Petitioner must exhaust the administrative remedies provided by § 1226(a) before seeking habeas relief from this Court.

    **A.**    **8 U.S.C. § 1252(g) Does Not Strip the Court's Jurisdiction Over This Matter**

As a preliminary matter, 8 U.S.C. § 1252(g) does not strip this Court of jurisdiction to hear this case. Section 1252(g) provides that "[e]xcept as provided in this section and notwithstanding any other provision of law . . . no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g). The Supreme Court has cautioned that the phrase "arising from" cannot be read with an "uncritical literalism leading to results that no sensible person could have intended." *Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018) (internal citations and quotation marks omitted). Instead, the provision must be read to refer to only the three specified actions themselves: commencing proceedings, adjudicating cases, or executing removal orders. *Id.; see also Garcia v. Att'y Gen.*, 553 F.3d 724, 729 (3d Cir. 2009) (noting that § 1252(g) is to be interpreted "narrowly and precisely" and finding the provision not applicable where petitioner challenged the government's authority to commence removal proceedings, rather than its discretionary decision to commence those proceedings).

Here, Petitioner is not challenging any of the three specified actions. Rather, he is challenging the government's authority to detain him under 8 U.S.C. § 1226(a). *See* ECF No. 8-1 at 2. Section 1252(g) does not apply to such a claim and therefore does not strip the Court of jurisdiction to hear this case. *See Kashranov v. Jamison*, No. 2:25-CV-05555-JDW, 2025 WL 3188399, at *3 (E.D. Pa. Nov. 14, 2025). The government resists this conclusion by arguing that since Petitioner was "placed into removal proceedings at the same time as he was detained . . .

[t]he two actions . . . are inextricably intertwined, and consequently, not reviewable by this Court." ECF No. 4 at 7. The government provides no support for this intertwinement theory of jurisdiction stripping. As is clear from the face of the Petition as well as Petitioner's briefing, Petitioner is contesting his detention. *See* ECF No. 1 at 15–16; ECF No. 8-1 at 2. Thus, the government's contestation that this Court lacks jurisdiction over this matter is inapposite.

**B.    Petitioner Is Subject to 8 U.S.C. § 1226(a), Which Provides That Petitioner May Be Detained Pending a Removal Decision**

8 U.S.C. § 1226(a) provides that the Attorney General "may [] arrest[] and detain[]" a noncitizen "pending a decision on whether the [noncitizen] is to be removed from the United States," provided that the noncitizen is not subject to mandatory detention under 8 U.S.C. § 1226(c). Although the Petition indicates that Petitioner initially assumed he was being detained under a separate provision, 8 U.S.C. § 1225(b)(2), his reply brief concedes that his detention is pursuant to 8 U.S.C. § 1226(a). *See* ECF No. 8-1 at 3. Likewise, Petitioner does not appear to contest that he "may" be detained under this provision. *Id.* Instead, he argues only that a sufficiently individualized custody determination was not made by the government when exercising its discretion. Pet. ¶ 28.

**C.    Petitioner is Required to Exhaust the Administrative Remedies Provided by 8 U.S.C. § 1226(a) Before Seeking Habeas Relief Under 28 U.S.C. § 2241**

The Court will not review the merits of the government's § 1226(a) custody determination because Petitioner has not exhausted the prescribed procedures for that determination to be reviewed administratively. "In general, [a petitioner] must exhaust administrative remedies before proceeding on a habeas petition brought under § 2241." *Pinet v. Holt*, 316 F. App'x 169, 171 (3d Cir. 2009) (per curiam) (citing *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996)). Exhaustion is not required when it would be futile. *See Cerverizzo v. Yost*, 380 F. App'x

5

115, 116 (3d Cir. 2010) ("[T]he administrative exhaustion requirement . . . may be excused [in connection with a § 2241 habeas petition] if an attempt to obtain relief would be futile . . . ." (citations omitted)). But that an "argument would likely have failed is not tantamount to stating that it would have been futile to raise it." *Beharry v. Ashcroft*, 329 F.3d 51, 62 (2d Cir. 2003), *as amended* (July 24, 2003); *see Parker v. Kelchner*, 429 F.3d 58, 63 (3d Cir. 2005) ("likely futility on the merits does not excuse a failure to exhaust a claim in state court"); *Johnson v. United States*, No. 14–cv–05207, 2014 WL 4388610, at *5 (D.N.J. Sept. 5, 2014) ("[T]he mere fact that the administrative process is time-consuming and might take from three to five months does not trigger the futility exception.").

Under § 1226(a) and its implementing regulations, the prescribed administrative remedies are as follows. First, a noncitizen detained under § 1226(a) may request a bond redetermination hearing before an immigration judge. 8 C.F.R. § 236.1(d). Second, the noncitizen may appeal the immigration judge's bond decision to the Board of Immigration Appeals ("BIA"). 8 C.F.R. § 236.1(d)(3).

Here, Petitioner makes no argument that he has exhausted his administrative remedies. Instead, he argues that pursuing the prescribed administrative appeals process would be futile because those processes are *unlikely* to afford him the relief he seeks. Specifically, Petitioner alludes to a "growing trend" of immigration courts denying bond and cites statistics that bond is only granted 27.8% of the time nationwide. ECF No. 8-1 at 3–4.  Thus, Petitioner argues, he is facing a "one in five chance" of having his bond granted if he pursues the remedies he is afforded by statute, not to mention the additional months he will be detained if the bond decision is appealed. *Id.* Spurious math aside, Petitioner's argument is facially untenable. Speculation that a claim is merely unlikely to prevail in the administrative process based on statistical trends does

not make raising that claim futile. Thus, the merits of Petitioner's claims that he is being held in violation of federal law are no ripe for review. *See Doe v. Jamison*, No. CV 26-1906, 2026 WL 916568, at \*4 n.36 (E.D. Pa. Mar. 31, 2026) (due process claims are not ripe for review until and unless Petitioner fully exhausts the administrative process).

**CONCLUSION**

For the foregoing reasons, the Petition is denied without prejudice. An appropriate Order follows.

**IT IS SO ORDERED.**

BY THE COURT:

*/s/ John Milton Younge*

**Judge John Milton Younge**